**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**OCALA DIVISION**
Case No.:

LYNN BOSTEELS,

     Plaintiff,

v.

THE PRUDENTIAL INSURANCE
COMPANY OF AMERICA,

     Defendant.

_____/

## COMPLAINT FOR DISABILITY BENEFITS

Plaintiff, Lynn Bosteels, files her Complaint against Defendant, The Prudential Insurance Company of America and says:

### I.  JURISDICTION AND VENUE

1.    Plaintiff's claims are filed pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq.* Jurisdiction exists pursuant to 29 U.S.C. § 1132(f) and venue is proper pursuant to 29 U.S.C. § 1132(e).

### II. PARTIES

2.    Plaintiff, Lynn Bosteels ("Ms. Bosteels"), is a resident of Citrus County, Florida and was at all times relevant a participant of the long-term disability insurance policy at issue (the "long-term disability policy"). Defendant, The Prudential Insurance Company of America ("Prudential"), is the insurer and claims administrator of the long-term disability policy, is a foreign corporation authorized to do business in Florida, and can be found in the Middle District of Florida.

### III.    FACTS

3.      At all times material to this action there was in full force and effect a group long-term disability policy that was underwritten and administered by Defendant.

4.      At all times material, Defendant operated under an inherent structural conflict of interest because of Defendant's dual role as administrator of claims while serving as the insurance company paying benefits out of its own assets.

5.      Ms. Bosteels was employed with HCA Healthcare as a Registered Nurse First Assistant. By virtue of her employment, Ms. Bosteels was an eligible participant of the long-term disability policy at all times material to this action.

6.      The purpose of the long-term disability policy was to provide Ms. Bosteels a monthly benefit in the event that she became disabled.

7.      The long-term disability policy defined Disability, in pertinent part, as follows:

> *You are disabled when Prudential determines that:*
>
> - *You are unable to perform the material and substantial duties of your regular occupation due to your sickness or injury; and*
>
> - *You are under the regular care of a doctor; and*
>
> - *You have a 20% or more loss in your monthly earnings due to that sickness or injury.*
>
> *After 24 months of payments, you are disabled when Prudential determines that due to the same sickness or injury:*
>
> - *You are unable to perform the duties of any gainful occupation for which you are reasonably fitted by education, training or experience, and*
> - *You are under the regular care of a doctor*

8.      Ms. Bosteels has suffered, and continues to suffer, from a number of medical conditions, including but not limited to, lumbar radiculopathy, peripheral neuropathy, disc degeneration, cervical pain, hypertension, hypothyroid, overactive bladder, and depression.

9.     Ms. Bosteels has been unable to perform the duties of her occupation or any gainful occupation for which she may reasonably become qualified based on education, training, or experience. Ms. Bosteels is disabled under the terms of the long-term disability policy.

10.     Ms. Bosteels was forced to discontinue working on or around October 11, 2019 due to her disabling conditions.

11.     In accordance with the procedures set forth by the long-term disability policy, Ms. Bosteels notified Defendant that she was disabled.

12.     By letter dated May 22, 2020, Defendant denied Ms. Bosteels claim for long-term disability benefits.

13.     By letter dated December 2, 2020, Ms. Bosteels timely submitted an appeal of Defendant's denial of benefits.

14.     By letter dated February 9, 2021, Defendant approved Ms. Bosteels' appeal and awarded benefits with an effective date of March 6, 2020.

15.     By letter dated February 18, 2022, Defendant terminated Ms. Bosteels' long-term disability benefits.

16.     By letter dated May 11, 2022, Ms. Bosteels timely submitted an appeal of Defendant's termination of benefits.

17.     Defendant denied Ms. Bosteels appeal for long-term disability benefits and communicated its decision via letter dated September 9, 2022.

18.     Ms. Bosteels exhausted her appeals under ERISA.

19.     In terminating Ms. Bosteels' long-term disability benefits, Defendant deemphasized medical evidence favoring disability and instead relied on the views of its own medical consultants.

20.     The termination of Ms. Bosteels' long-term disability benefits was a breach of the terms of the long-term disability policy, and the decision was wrong and arbitrary and capricious.

21.     Defendant's termination of Ms. Bosteels' disability benefits breached the fiduciary duties owed to Ms. Bosteels under ERISA. Defendant further failed to discharge its duties in respect to discretionary claims processing solely in the interests of Ms. Bosteels as a participant of long-term disability policy.

## IV. COUNT I: LONG-TERM DISABILITY BENEFITS

Plaintiff incorporates the allegations contained in Paragraphs 1 through 21 as if fully stated herein and says further that:

22.     Plaintiff is entitled to certain benefits of the policy consisting of past long-term disability benefits including prejudgment interest, retroactive to the day benefits were denied pursuant to 29 U.S.C. §1132(a)(1)(B).

23.     Plaintiff is entitled to the benefits identified herein because:

   a.  the benefits are permitted benefits under the policy;

   b.  Plaintiff has satisfied all conditions to be eligible to receive the benefits;

   c.  Plaintiff has not waived or otherwise relinquished her entitlements to the benefits.

24.     Defendant has refused to pay the benefits sought by Ms. Bosteels, ignoring the medical records and clear opinions of her physicians.

## V. RELIEF REQUESTED

Plaintiff incorporates the allegations contained in Paragraph 1 through 24 as if fully stated herein and says further that:

4

25.     As a result of the acts and/or omissions of Defendant as alleged herein, Defendant owes Plaintiff unpaid long-term disability benefits, plus interest.

26.     To the extent that Defendant violated any provisions of Subchapter I of Title 29, Chapter 18 of the United States Code, under to 29 U.S.C. §1132(g)(1) Plaintiff is entitled to reasonable attorney's fees and costs of this action.

27.     Defendant is also liable to place Plaintiff in the position she would have enjoyed under the policy had she not been wrongfully denied benefits by Defendant.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Lynn Bosteels, prays for a judgment against Defendant, The Prudential Insurance Company of America, for the relief as pleaded herein and for such other relief as this Honorable Court deems just and proper.

*Respectfully submitted this 29th day of September, 2022.*

*/s/ Kevin P. Schaefer*
Kevin P. Schaefer (FBN. 123688)
kevin@longtermdisability.net
Edward Philip Dabdoub (FBN. 45685)
eddie@longtermdisability.net
DABDOUB LAW FIRM, P.A.
1600 Ponce de Leon Blvd., Suite 1202
Coral Gables, Florida 33134
Tel:  (305) 754-2000
Fax: (305) 754-2007
*Counsel for Plaintiff, Lynn Bosteels*